IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,**

          **Petitioner,**

v.                                                      **Civil Action No. 2:10-0479**
                                                          **Judge Goodwin**

**SAMANTHA JONES, ADMINISTRATRIX
OF THE ESTATE OF JERRY JONES,**

          **Respondent.**


**SAMANTHA JONES, ADMINISTRATRIX OF THE ESTATE OF JERRY JONES'
RESPONSE TO PETITIONER'S OBJECTION TO SUBPOENA DUCES TECUM
<u>SERVED UPON JASON CUTLER</u>**


      Comes now the Respondent, Samantha Jones, Administratrix of the Estate of Jerry Jones, and responds to the Petitioner's Objection to the Subpoena Duces Tecum served upon Jason Cutler as follows:

      In its Objection to Subpoena Duces Tecum Served upon Jason Cutler, Erie Insurance seeks to have the subpoena requiring Jason Cutler to appear for deposition quashed and also objects to the production of the Erie's claims file by Jason Cutler. The Respondent, Samantha Jones will address each matter separately.

I.      OBJECTION OR MOTION TO QUASH DEPOSITION OF JASON CUTLER

This matter is governed by **Rule 26(b)(1) of the Federal Rules of Civil Procedure** which states in pertinent part as follows:

> **Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding ***any non-privileged matter that is relevant*** to any party's claim ***or defense***--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). (***emphasis added***)

The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. The discovery rules are to be given a broad and liberal treatment. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co, Inc*. 967 F.2d 980 (4th Circ. 1992) quoting **<u>Hickman v. Taylor</u>**, 329 U.S. 497 (1947). It is well established that discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. As a general rule, discovery is permitted without restriction, from any person who may have knowledge of relevant facts. No restriction exist for discovery in a declaratory judgment action.

2

The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under *Rule 402 of the Federal Rules of Evidence*. The Federal Rules of Civil Procedure provide a broad scope of examination and may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence. A preliminary inquiry of admissibility at trial is not the test as to whether the information sought is within the scope of proper examination. Such a standard unnecessarily curtails the utility of discovery practice. **Wager v. St. Paul Fire & Marine Ins. Co**., 238 F.R.D. 418(N.D.W.Va. 2006) quoting **Federal Rule Civil Procedure 26(b)(1).**

It is well established that Federal Rule 26 contemplates examinations not merely for the narrow purpose of adducing testimony which may be offered in evidence but also for the broad discovery of information which may be useful in preparation for trial.

II.     JASON CUTLER AND WHY HE MUST BE DEPOSED

Jason Cutler is "**the**" Erie Insurance Company agent and/or representative who, by his own admission, conducted the investigation into Jerry Jones' death which resulted in a denial of underinsured motorist insurance coverage to Samantha Jones. If there is any one person to be deposed regarding the denial of underinsured motorist coverage to Samantha Jones it is Jason S. Cutler.

Specifically, by letter of January 12, 2010, Jason S. Cutler, Erie Insurance Company, Liability Specialist acknowledged Samantha Jones' claim and advised Ms. Jones that **he** was "currently investigating the events surrounding Jerry Jones' death in order to determine coverage".  (**See, Exhibit A**, *Cutler Letter dated January 12, 2010*)

Then, on March 9, 2010, Jason S. Cutler, Erie Insurance Company, Liability Specialist advised Samantha Jones that "we are still investigating the above loss."  Mr. Cutler further advised Ms. Jones that "upon conclusion of our investigation, we will be in further contact with you."  (**See, Exhibit B**, *Cutler Letter dated March 9, 2010*)

Finally, on March 23, 2010, Jason S. Cutler, Erie Insurance Company Liability Specialist advised Samantha Jones that "upon review of the facts of this loss" Erie Insurance Company "will be unable to provide any uninsured and/or underinsured motorist coverage for this loss.  We must respectfully deny the claim at this time."  (**See, Exhibit C**, *Cutler Letter dated March 23, 2010*).   On April 13, 2010, Erie Insurance Company instituted this lawsuit against Samantha Jones, its own insured.

It is Erie who has placed Samantha Jones' entitlement to her own insurance coverage in dispute.  Clearly, Samantha Jones has a right to discover the factual basis upon which the denial is based in order to assist her in in the preparation or presentation of her case.   Denial of the Jones' underinsured motorist insurance coverage was based upon an investigation conducted by Jason S. Cutler, Liability Specialist for Erie Insurance Company.   Samantha Jones is entitled to discover the

details of Mr. Cutler's investigation as well as the facts he purportedly uncovered and/or discovered that resulted in a denial of her underinsured motorist coverage. After all and significantly, it is Erie Insurance Company that filed suit against Samantha Jones and due process dictates her unfettered right to protect herself, her interests and more importantly the interest of her now deceased husband's estate.

Curiously, in support of its "Objection to Respondent's Subpoena Duces Tecum Served Upon Jason Cutler", Erie contends that the declaratory judgment action "involves a legal determination as to whether or not the Respondent's claim for UIM coverage is covered under the Automobile Liability Policy issued by the Petitioner, Erie" and argues that "this issue is strictly one of policy interpretation and is a matter of law." Erie also contends that "there are no unresolved factual issues at large in this case, rendering his deposition testimony irrelevant and not reasonably calculated to the discovery of admissible evidence." However, Erie Insurance Company expressly admits that it "investigated ***the facts*** surrounding the Respondent's claim and made the determination that there was no UIM coverage available to her" (See Page 4 of Erie Objection to Respondent's Subpoena Duces Tecum Served Upon Jason Cutler). Shouldn't Samantha Jones be afforded an opportunity to discover or "investigate the facts?" upon which her insurance claim was denied?

As was set forth in her Motion to Dismiss previously filed with this Court and denied by Order of this Court, every issue surrounding the basis upon which her underinsured motorist coverage was denied is at issue.  Samantha Jones is unaware any factual or legal basis upon which her underinsured motorist coverage can be denied by Erie Insurance Company as her husband clearly died as the result of the use of an underinsured motor vehicle.  Yet, Erie has denied Mrs. Jones her underinsured motorist insurance coverage.  Consequently, there must be some fact or facts uncovered by Jason S. Cutler in his investigation that support the denial of her underinsured motorist insurance coverage.  Samantha Jones is entitled to discover those facts.

In his "denial of coverage" letter dated March 23, 2010,   Jason S. Cutler sets forth the "***factual basis***" upon which underinsured motorist coverage would be denied to Samantha Jones.  Then, in the Declaratory Judgment Petition, Erie presumably sets forth additional factual basis upon which underinsured motorist coverage would be denied to Samantha Jones.  The basis for the denials set forth in the Cutler letter of March 23, 2010 and the Declaratory Judgment Action are "factual" in nature and Samantha Jones is entitled to discover the who, what, when, where and why of the "facts" upon which her coverage has been denied.

An example of the types of facts that must be discovered before this Court can make a "legal determination" as to whether Samantha Jones is entitled to her underinsured motorist coverage  are:

6

- who used a weapon or whose use of what weapon was accidental or whose use of what weapon was intentional;
- was there any negligence by Jerry Jones' employer, the City of Charleston Police Department or any of his co-employees, i.e. the fellow Officers and if so who was negligent;
- who "assaulted who and/or who battered" who;
- if Jerry Jones was assaulted and battered who carried out those acts;
- was there negligence of a third party that proximately caused Jerry Jones' death, if so, whose negligence
- did an underinsured motorist proximately cause the death of Jerry Jones

This is just a smattering of the "factual issues" that must be discovered and resolved before this Court can make any determination as to whether Samantha Jones' underinsured motorist claim is covered under the Automobile Liability Policy issued by Erie Insurance Company.

In summary, mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation in this matter and essential for this Court to make a proper legal determination regarding Samantha Jones' entitlement to her underinsured motorist coverage. Hence, the Petitioner, Erie Insurance Company's Objection must

be overruled and/or the motion to quash the deposition of Jason S. Cutler, Liability Specialist must be denied.

### III.   PRODUCTION OF ERIE INSURANCE COMPANY'S CLAIM FILE

This matter is governed by Rule 26(b)(1) (*recited above*) and Rule 26(b)(5)(A)(i) and (ii) of the Federal Rules of Civil Procedure which states in pertinent part as follows:

> **Claiming Privilege or Protecting Trial-Preparation Materials**
>
> (A) **Information Withheld**. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

In asserting a claim of "privilege" and objecting to the production of the Claims File in this matter, Erie Insurance Company has failed to submit a Privilege Log along with its Objection making it virtually impossible for Samantha Jones to respond to the claim of "privilege" based upon the "prepared in anticipation of litigation" doctrine.

It is well established that a privilege log must be submitted "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material. In preparing the log, the

8

party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable others parties to assess the applicability of the privilege or protection. Neither was done by Erie in its filing of an objection with this Court. **Rule 26(b)(5)(A)(i) and (ii) of the Federal Rules of Civil Procedure**

According to the Federal Rules of Civil Procedure, in order to properly discharge the burden of establishing a privilege the first step by the objecting party is to produce an informative privilege log. This log must be served along with the privilege claims on the discovering party. Importantly, there must be a sufficient evidentiary showing which creates a legitimate issue as to the application of the privilege asserted and most importantly, a detailed, specific explanation as to why the document was privileged or otherwise immune from discovery. Clearly it is unacceptable and contrary to the Rules of Civil Procedure for a party, such as Erie Insurance Company to invoke a privilege and/or work product immunity and then decline to make the necessary specific factual showing in support thereof.

Based upon the representations in its Objection, Erie only refers to "*portions of the claims file*" as being subject to privilege, yet provides no privilege log. Specifically, Erie confirms that there are **_only_** "portions of the claims file" reflecting analysis by Erie and that there are **_only_** "*portions of the claims file*" created after Respondent served Erie with a copy of the Complaint in State Court. Without the requisite Privilege Log, the

Respondent cannot address those "portions of the claims file" that may not be subject to privilege and therefore discoverable.  Additionally, without the requisite Privilege Log, the Respondent cannot address those "portions of the claims" file that are discoverable if the she can show a "substantial need and cannot without undue hardship, obtain their substantial equivalent by other means."  Finally, without the requisite Privilege Log, this Court cannot possibly assess the applicability of the claimed privilege or protection and/or Samantha Jones' entitlement to the documents.

Consistent with the Rule 26(b)(5) of the Federal Rules of Civil Procedure, the Respondent, Samantha Jones moves the Court to deny the Petitioner's Motion to Quash the Subpoena Duces Tecum and require Jason S. Cutler to produce the documents demanded in the Deposition Subpoena Duces Tecum.  In the alternative, the Respondent moves the Court to order the Petitioner to comply with the mandates set forth in Rule 26(b)(5).  Specifically, the Respondent moves the Court to direct Erie Insurance Company to provide a privilege log for each document setting forth 1) the author(s) and their capacities, 2) the recipients (including cc's) and their capacities, 3) other individuals with access to the document and their capacities, 4) the type of document, 5) the subject matter of the document, 6) the purpose(s) for the production of the document, 7) the date on the document, and 8) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses in a non-conclusory fashion.

Providing such a privilege log would provide the Respondent and this Court with ample opportunity to address whether the documents are "discoverable" pursuant to Rule 26(b) of the Federal Rules of Civil Procedure or whether the documents are entitled to protection.

**CONCLUSION AND RELIEF REQUESTED**

For the foregoing reasons, Samantha Jones, Administratrix of the Estate of Jerry Jones respectfully requests that the Court overrule the objection to the deposition of Jason S. Cutler which is scheduled for September 10, 2010 and/or to deny the motion to quash the deposition of Jason S. Cutler thereby permitting the deposition to go forth. Additionally, and for the reasons set forth herein, Samantha Jones, Administratrix of the Estate of Jerry Jones respectfully requests that the Court deny Erie Insurance Company's Motion to Quash the Subpoena Duces Tecum as it relates to the Erie Claims file and/or in the alternative order Erie to privilege log, as described herein, for those documents it asserts are subject to a "privilege" and for such and other relief as this Court may deem just and proper.

                                              **SAMANTHA JONES, ADMINISTRATRIX**
                                              **OF THE ESTATE OF JERRY JONES**
                                              By Counsel

*s/ Cynthia M. Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
**George B. Morrone, III State Bar # 4980**
RANSON LAW OFFICES
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990
cmr@ransonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ERIE INSURANCE PROPERTY**
**& CASUALTY COMPANY,**

    **Petitioner,**

v.               **Civil Action No. 2:10-0479**
                 **Judge Goodwin**

**SAMANTHA JONES, ADMINISTRATRIX**
**OF THE ESTATE OF JERRY JONES,**

    **Respondent.**

## CERTIFICATE OF SERVICE

I, Cynthia M. Ranson, counsel for respondent, and hereby certify that I have served a true and exact copy of the foregoing

**SAMANTHA JONES, ADMINISTRATRIX OF THE ESTATE OF JERRY JONES'**
**RESPONSE TO PETITIONER'S OBJECTION TO SUBPOENA DUCES TECUM**
**SERVED UPON JASON CUTLER**

on the defendants counsel of record via ECF, this **26th day of August 2010** as follows:

**Matthew J. Perry, Esquire**
**Julie A. Warren, Esquire**
Lamp, O'Dell, Bartram, Levy & Trautwein, P.L.L.C.
P.O. Box 2488
Huntington, WV 25725

*/s/ Cynthia M. Ranson*
_____
Cynthia M. Ranson